UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRUCE W. GUNN,

                        Petitioner,                  9:06-CV-0262

            v.                                          (NAM)(RFT)

T.R. CRAIG, Warden

                        Respondent.

---

APPEARANCES:

BRUCE W. GUNN
Petitioner, pro se

NORMAN A. MORDUE, Chief United States District Judge

## DECISION and ORDER

**I.    Background**

Presently before the Court is a petition for a writ of habeas corpus brought by Petitioner Bruce W. Gunn pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Petitioner has paid the filing fee required for this action. Petitioner, who was confined at the Federal Correctional Institution at Ray Brook, New York, when he submitted his petition, brings this action to challenge a sentence imposed by the United States District Court for the District of Massachusetts. Petitioner was convicted on August 25, 1993 and sentenced to a term of 235 months imprisonment. Dkt. No. 1, Petition at 2. Petitioner's conviction and sentence were affirmed on appeal by the First Circuit Court of Appeals. *See* Dkt. No. 1, Attachment at 6. According to Petitioner, he previously filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. Dkt. No. 1, Attachment at 30.

In support of his Petition, Petitioner relies upon *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed. 2d 205 (2005).[1] Petitioner asserts that based upon *Shepard*, he is "actually

---

[1] In *Shepard*, the Supreme Court held that in determining whether a sentence should be enhanced based upon the Armed Career Criminal Act ("ACCA"), "a court may look only to facts
(continued...)

innocent of being an Armed Career Offender." Dkt. No. 1 at 3.

## II.     Discussion

### A.     Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004);  *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  That right, however, is not unlimited.  Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.  In pertinent part, this statute provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence.  *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

---

[1](...continued)
found by the jury, the terms of the charging document, the terms of the plea agreement and facts admitted in the defendant's plea colloquy." *Darco v. United States*, No. CV-04-1378, 2005 WL 1804475, at *4 (E.D.N.Y. Jul. 28, 2005) (citing *Shepard*, 544 U.S. at __, 125 S.Ct. at 1263).

**B.     Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[2] In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378

---

[2] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

(2d Cir.2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[3]

### C.     Petitioner's claims

Petitioner alleges that based upon the Supreme Court's holding in *Shepard*, he is entitled to be resentenced. Dkt. No. 1, Attachment at 30-36. This assertion clearly challenges the imposition of his sentence and not its execution. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Petitioner acknowledges that he previously filed a § 2255 motion in the United States District Court for the District of Massachusetts. *See* Dkt. No. 1, Attachment at 30. Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the First Circuit's permission to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from that court.[4]

The Court notes that Petitioner's chances of receiving such permission from the First Circuit on this issue is unlikely. To date, a number of Courts have held that *Shepard* does not apply retroactively. *See Darco v. United States*, No. CV-04-1378, 2005 WL 1804475, at *4 (E.D.N.Y. Jul. 28, 2005); *Olivas-Gutierrez v. United States*, No. EP05CA-0139, 2005 WL 1241871, * 4 (W.D.TX. May 19,

---

[3] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'" *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378). The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

[4] The Court notes that, even if the First Circuit were to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file such a motion in the sentencing court. *See* 28 U.S.C. § 2255.

2005); *Langley v. United States*, No. 1:04CV952, 2005 WL 1114710, *2 (M.D.N.C. May 5, 2005); *Morales v. United States*, No. Civ 03-980, 2005 WL 807051, *7 (D.Minn. Apr. 7, 2005).

Rather than applying to the First Circuit for permission to file a second or successive § 2255 motion, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis for his current § 2241 petition. In this case, however, nothing in Petitioner's application establishes that Petitioner's § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. Moreover, although it appears that § 2255's remedy may be unavailable to Petitioner, that alone does not establish that this remedy is inadequate or ineffective. Furthermore, this Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question." *Love*, 333 F.3d at 73.[5] Therefore, the Court finds that § 2255's savings clause does not apply to this case, and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[6]

---

[5] The Court finds support for this conclusion in the Second Circuit's decision in *Love*, in which it concluded that foreclosing an *Apprendi* challenge under § 2255's savings clause did not raise a serious constitutional question. Quoting the Eighth Circuit, the *Love* court stated that

> [w]e believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert. denied*, 537 U.S. 869, 123 S. Ct. 275, 154 L. Ed. 2d 117 (2002)) (footnote omitted).

Likewise, in this case, because *Shepard* has not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his *Shepard* claim; rather, it is the unavailability of the *Shepard* claim itself.

[6] Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C.
(continued...)

Finally, the Court notes that in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive.**" *Id.* at 663 (emphasis added) (footnote omitted). Thus, until the Supreme Court holds that *Shepard* applies retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a second or successive § 2255 motion or a § 2241 petition. Accordingly, the Court dismisses Petitioner's petition without prejudice.[7]

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner.

IT IS SO ORDERED.

Dated: May 3, 2006

Norman A. Mordue
Chief United States District Court Judge

---

[6](...continued)
§ 2255.

[7] The Court notes that, if the Supreme Court subsequently holds that *Shepard* applies retroactively to cases on collateral review, Petitioner may move for the appropriate relief at that time.